

U.S. Department of Justice

Jeanine Ferris Pirro
United States Attorney

*District of Columbia*

---

*Patrick Henry Building*
*601 D Street, N.W.*
*Washington, D.C. 20530*

October 9, 2025

**VIA ELECTRONIC MAIL**
**John P. Rowley III, Esq.**
**Lionel André, Esq.**
**Counsel for Peter Williams**

Re:     United States v. **Peter Williams**
         Criminal Case No.

Dear Mr. Rowley:

This letter sets forth the full and complete plea offer to your client, **Peter Williams** (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia and the National Security Division (hereinafter also referred to as "the Government" or "this Office"). This plea offer expires on October 10, 2025. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement ("this Agreement"). The terms of the offer are as follows:

1.     **Charges and Statutory Penalties**

Your client agrees to plead guilty to a criminal Information, a copy of which is attached, charging your client with **two counts of Theft of Trade Secrets, in violation of 18 U.S.C. § 1832(a)(1) and (2).**

Your client understands that each violation of 18 U.S.C. § 1832 carries a maximum sentence of 10 years of imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2); mandatory restitution under 18 U.S.C. § 3663A; and an obligation to pay any applicable interest or penalties on fines and restitution not timely made. Your client also agrees to criminal forfeiture as discussed herein.

In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the United States Sentencing Commission, *Guidelines Manual* **(2024)** (hereinafter "Sentencing Guidelines," "Guidelines," or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that, if your client has two or more convictions for a crime of violence or

felony drug offense, your client may be subject to the substantially higher penalties provided for in the career-offender statutes and provisions of the Sentencing Guidelines.

2.    **Factual Stipulations**

Your client agrees that the attached "Statement of Offense" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. Please have your client sign and return the Statement of Offense as a written proffer of evidence, along with this Agreement.

3.    **Additional Charges**

In consideration of your client's guilty plea to the above offenses, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

After the entry of your client's plea of guilty to the offenses identified in paragraph 1 above, your client will not be charged with any non-violent criminal offense in violation of Federal or District of Columbia law which was committed within the District of Columbia by your client prior to the execution of this Agreement and about which this Office was made aware by your client prior to the execution of this Agreement. However, the United States expressly reserves its right to prosecute your client for any crime of violence, as defined in 18 U.S.C. § 16 and/or 22 D.C. Code § 4501, if in fact your client committed or commits such a crime of violence prior to or after the execution of this Agreement.

4.    **Sentencing Guidelines Analysis**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the applicable guidelines and policies promulgated by the Sentencing Guidelines. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following:

A.    **Estimated Offense Level Under the Guidelines**

The parties agree that the following Sentencing Guidelines sections apply:

| | | |
|---|---|---|
| U.S.S.G. § 2B1.1(a)(2) | Base Offense Level | 6 |
| U.S.S.G. § 2B1.1(b)(1)(L) | Loss of more than $ 25 million | +22 |
| U.S.S.G. § 2B1.1(10)(C) | Sophisticated Means | +2 |
| U.S.S.G. § 2B1.1(14)(A) | Transmission of Trade Secret out of U.S. | +2 |
| U.S.S.G. § 3B1.3 | Abuse of Position of Trust | +2 |
| | Total | **34** |

Acceptance of Responsibility:

The Government agrees that a 2-level reduction will be appropriate, pursuant to U.S.S.G. § 3E1.1, provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence. **Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction will be appropriate,**

pursuant to U.S.S.G. § 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, and/or imposition of an adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, regardless of any agreement set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined by the Government that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice, or (b) engaged in additional criminal conduct after signing this Agreement.

In accordance with the above, the Estimated Offense Level will be at least 31.

### B.    Estimated Criminal History Category

Based upon the information now available to this Office (including representations by the defense), your client has no criminal convictions.

If your client is a known foreign national, U.S.S.G. § 4A1.2(h) provides that "[s]entences resulting from foreign convictions are not counted, but may be considered under §4A1.3 (Adequacy of Criminal History Category)."

Accordingly, your client is estimated to have 0 criminal history points and your client's Criminal History Category is estimated to be I (the "Estimated Criminal History Category"). Your client acknowledges that after the pre-sentence investigation by the United States Probation Office, a different conclusion regarding your client's criminal convictions and/or criminal history points may be reached and your client's criminal history points may increase or decrease.

### C.    Adjustment Based on U.S.S.G. § 4C1.1

*If* your client does not receive any criminal history points after the pre-sentence investigation by the United States Probation Office, your client *may* be eligible for an adjustment for certain zero-point offenders pursuant to U.S.S.G. § 4C1.1(a)(2)-(10). The parties agree that the burden is on the defendant to prove that the defendant satisfies all the criteria in § 4C1.1 to be eligible for the adjustment. The government reserves the right to oppose application of the criteria for an adjustment under this section.

### D.    Estimated Guidelines Range

Based upon the Estimated Offense Level and the Estimated Criminal History Category set forth above for level 31, your client's estimated Sentencing Guidelines range is 108 months to 135 months of incarceration. In addition, the parties agree that, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at Guidelines level 31, the estimated applicable fine range is $30,000 to $300,000. Your client reserves the right to ask the Court not to impose any applicable fine.

If the Court determines that § 4C1.1 is applicable, based upon the Estimated Offense Level of 29, following application of § 4C1.1, and the Estimated Criminal History Category 1, your client's estimated Sentencing Guidelines range would be 87 to 108 months of incarceration. In addition, the parties agree that, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine,

at Guidelines level 29, the estimated applicable fine range is $30,000 to $300,000. Your client reserves the right to ask the Court not to impose any applicable fine. Therefore, your client's estimated guidelines range is 87 months (assuming application of § 4C1.1 and nonapplicability of §2B1.1(14) and no greater loss amount) to 135 months of incarceration (assuming inapplicability of § 4C1.1 ("Estimated Guidelines Range").

The parties agree that, solely for the purposes of calculating the applicable range under the Sentencing Guidelines, neither a downward nor upward departure from the Estimated Guidelines Range set forth above is warranted. Except as provided for in the "Adjustment Pursuant to U.S.S.G. § 4C1.1" section above and "Reservation of Allocution" section below, the parties also agree that neither party will seek any offense-level calculation different from the Estimated Offense Level calculated above. However, the parties are free to argue for a Criminal History Category different from that estimated above in subsection B.

Your client understands and acknowledges that the Estimated Guidelines Range calculated above is not binding on the Probation Office or the Court. Should the Court or Probation Office determine that a guidelines range different from the Estimated Guidelines Range is applicable, or that your client is not eligible for an adjustment pursuant to U.S.S.G. § 4C1.1, that will not be a basis for withdrawal or recission of this Agreement by either party.

Your client understands and acknowledges that the terms of this section apply only to conduct that occurred before the execution of this Agreement. Should your client commit any conduct after the execution of this Agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or the Court), the Government is free under this Agreement to seek an increase in the base offense level based on that post-agreement conduct.

5.    **Agreement as to Sentencing Allocution**

The parties agree that a sentence within the Estimated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a), should such a sentence be subject to appellate review notwithstanding the appeal waiver provided below. Both parties agree not to request a variance above or below the Estimated Guidelines Range based upon factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a).

Your client further agrees that any sentence imposed by the Court should include certain special conditions related to activity prior to sentencing and while on supervised release that relate to his future conduct and employment. **Specifically, the parties agree that (1) absent advance written consent from the Government, your client shall not provide advice, consultation, training, or employment on any matter that relates to development, research, weaponization, or training of the following subjects: cryptology, exploits, software analysis, software vulnerabilities, cyber network exploitation, cyber network defense, cyber network attack, data analysis, or computer infrastructure; (2) your client shall abide by all nondisclosure agreements and requirements related to prior employment with civilian and government agencies (including foreign governments); (3) your client agrees to submit a full and complete accounting of his financial assets, whether in his name or in the name of a third party, and agrees to voluntarily provide assets to the government for restitution and forfeiture purposes; and (4) your client agrees to voluntarily be interviewed by law enforcement agents and/or Government attorneys, and shall provide full, complete and truthful information.**

6. **Reservation of Allocution**

The Government and your client reserve the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including any misconduct not described in the charges to which your client is pleading guilty, to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this Agreement. The parties also reserve the right to address the correctness of any Sentencing Guidelines calculations determined by the presentence report writer or the court, even if those calculations differ from the Estimated Guidelines Range calculated herein. In the event that the Court or the presentence report writer considers any Sentencing Guidelines adjustments, departures, or calculations different from those agreed to and/or estimated in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. § 3553(a), the parties reserve the right to answer any related inquiries from the Court or the presentence report writer and to allocute for a sentence within the Guidelines range, as ultimately determined by the Court, even if the Guidelines range ultimately determined by the Court is different from the Estimated Guidelines Range calculated herein.

In addition, if in this Agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government and your client reserve the right to full allocution in any post-sentence litigation. The parties retain the full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7. **Court Not Bound by this Agreement or the Sentencing Guidelines**

Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. § 3553(a), upon consideration of the Sentencing Guidelines. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing. Your client understands that neither the Government's recommendation nor the Sentencing Guidelines are binding on the Court.

Your client acknowledges that your client's entry of a guilty plea to the charged offense(s) authorizes the Court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence that is outside the Guidelines range or if the Court does not follow the Government's sentencing recommendation. The Government and your client will be bound by this Agreement, regardless of the sentence imposed by the Court. Any effort by your client to withdraw the guilty plea because of the length of the sentence shall constitute a breach of this Agreement.

8. **Conditions of Release**

Your client acknowledges that, although the Government will not seek detention of your client pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. **If your client is sentenced to**

incarceration, your client also agrees to report to a Bureau of Prisons' facility within 24 hours after sentencing.

Your client further agrees to the following special conditions pending sentencing: **(1) absent advance written consent from the Government, your client shall not provide advice, consultation, training, or employment on any matter that relates to development, research, weaponization, or training of the following subjects: cryptology, exploits, software analysis, software vulnerabilities, cyber network exploitation, cyber network defense, cyber network attack, data analysis, or computer infrastructure; (2) your client shall abide by all nondisclosure agreements and requirements related to prior employment with civilian and government agencies (including foreign governments); (3) your client agrees to submit a full and complete accounting of his financial assets, whether in his name or in the name of a third party, and agrees to voluntarily provide assets to the government for restitution and forfeiture purposes; and (4) your client agrees to voluntarily be interviewed by law enforcement agents and/or Government attorneys, and shall provide full, complete and truthful information.**

The Government may move to change your client's conditions of release, including requesting that your client be detained pending sentencing, if your client violates his conditions of release, engages in further criminal conduct prior to sentencing, or if the Government obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or pose a danger to any person or the community. Your client also agrees that any violation of your client's release conditions or any misconduct by your client may result in the Government filing an ex parte motion with the Court requesting that a bench warrant be issued for your client's arrest and that your client be detained without bond while pending sentencing in your client's case.

9.  **Waivers**

    A.  **Venue**

Your client waives any challenge to venue in the District of Columbia.

    B.  **Statute of Limitations**

Your client agrees that, should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Statement of Offense, that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the attached Statement of Offense that is not time-barred on the date that this Agreement is signed.

    C.  **Trial Rights**

Your client understands that by pleading guilty in this case your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute or rule. Your client agrees to forego the right to any further discovery or disclosures of information not already provided at the time of the entry of your client's guilty plea. Your client also agrees to waive, among other rights, the right to be indicted by a Grand Jury, the right to plead not guilty, and the

right to a jury trial. If there were a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to challenge the admissibility of evidence offered against your client, to compel witnesses to appear for the purpose of testifying and presenting other evidence on your client's behalf, and to choose whether to testify. If there were a jury trial and your client chose not to testify at that trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal your client's conviction. Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering a plea of guilty, your client knowingly and voluntarily waives or gives up your client's right against self-incrimination.

Your client acknowledges discussing with you Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules in the event your client withdraws your client's guilty plea or withdraws from this Agreement after signing it.

Your client also agrees to waive all constitutional and statutory rights to a speedy sentence and agrees that the plea of guilty pursuant to this Agreement will be entered at a time decided upon by the Government with the concurrence of the Court. Your client also agrees that the sentencing in this case may be delayed until your client's cooperation has been completed, as determined by the Government, so that the Court will have the benefit of all relevant information before a sentence is imposed. Your client understands that the date for sentencing will be set by the Court.

D.    **Appeal Rights**

Your client agrees to waive, insofar as such waiver is permitted by law, the right to appeal the conviction in this case on any basis, including but not limited to claim(s) that (1) the statute(s) to which your client is pleading guilty is unconstitutional; and (2) the admitted conduct does not fall within the scope of the statute(s). Your client understands that federal law, specifically 18 U.S.C. § 3742, affords defendants the right to appeal their sentences in certain circumstances. Your client also agrees to waive the right to appeal the sentence in this case, including but not limited to any term of imprisonment, fine, forfeiture, award of restitution, term or condition of supervised release, authority of the Court to set conditions of release, and the manner in which the sentence was determined, except to the extent the Court sentences your client above the statutory maximum or guidelines range determined by the Court. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement. Notwithstanding the above agreement to waive the right to appeal the conviction and sentence, your client retains the right to appeal on the basis of ineffective assistance of counsel, but not to raise on appeal other issues regarding the conviction or sentence.

E.     **Collateral Attack**

Your client also waives any right to challenge the conviction entered or sentence imposed under this Agreement or otherwise attempt to modify or change the sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b), except to the extent such a motion is based on newly discovered evidence or on a claim that your client received ineffective assistance of counsel. Your client reserves the right to file a motion brought under 18 U.S.C. § 3582(c).

10.     **Use of Self-Incriminating Information**

The Government and your client agree, in accordance with U.S.S.G. § 1B1.8, that the Government will be free to use against your client for any purpose at the sentencing in this case or in any related criminal or civil proceedings, any self-incriminating information provided by your client pursuant to this Agreement or during the course of debriefings conducted in anticipation of this Agreement, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

11.     **Restitution**

Your client understands that the Court has an obligation to determine whether, and in what amount, mandatory restitution applies in this case under 18 U.S.C. § 3663A at the time of sentencing.

**Apart from that determination of mandatory restitution, your client agrees to pay restitution to COMPANY TWO in the amount of $1,300,000.**

Payments of restitution shall be made to the Clerk of the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, your client agrees to disclose fully all assets in which your client has any interest or over which your client exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. Your client agrees to submit a completed financial statement on a standard financial disclosure form which has been provided to you with this Agreement to the Financial Litigation Unit of the United States Attorney's Office, as it directs.

If you do not receive the disclosure form, your client agrees to request one from usadc.flpdocs.gov (usadc-flpdocs@usdoj.gov). Your client will complete and electronically provide the standard financial disclosure form to usadc.flpdocs.gov (usadc-flpdocs@usdoj.gov) 30 days following the plea hearing, with a copy to undersigned counsel. Your client agrees to be contacted by the Financial Litigation Unit of the United States Attorney's Office, through defense counsel, to complete a financial statement. Upon review, if there are any follow-up questions, your client agrees to cooperate with the Financial Litigation Unit. Your client promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement could be prosecuted as a separate crime punishable under 18 U.S.C. § 1001, which carries an additional five years' incarceration and a fine.

Your client expressly authorizes the United States Attorney's Office to obtain a credit report on your client in order to evaluate your client's ability to satisfy any financial obligations imposed by the Court or agreed to herein.

Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment. If your client is sentenced to a term of imprisonment by the Court, your client agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically imposes a schedule of payments.

Your client certifies that your client has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this Agreement and/or that may be imposed by the Court. In addition, your client promises to make no such transfers in the future until your client has fulfilled the financial obligations under this Agreement.

12.     **Forfeiture**

Your client agrees the following property may be forfeited pursuant to 18 U.S.C. §§ 981(a)(C), 982(a)(1), 1834, 2323(a), 2323(b), and 28 U.S.C. § 2461(c), which includes property constituting, or derived from, any proceeds obtained directly or indirectly from the offense conduct, as proceeds and/or substitute assets:

(1) A house in Washington, D.C., further identified in the Information, or proceeds from the sale thereof;
(2) The following watches:
    a. Replica Rolex Submariner Oyster Perpetual Date wristwatch w/ black face, green bezel and silver colored bracelet, 126610;
    b. Pagani Design PD1752 wristwatch with blue and copper bezel and silver and copper colored bracelet;
    c. Replica Omega Seamaster w/ blue face, blue and copper dial, and silver and copper bracelet, 89236388;
    d. Seizmont wristwatch with silver face, blue material band;
    e. Replica Rolex Oyster Perpetual Cosmograph Daytona wristwatch with white face, black bezel and silver colored bracelet;
    f. Tag Heuer Aquaracer Calibre 16 wristwatch with black face, silver bezel and silver colored bracelet, RBL4269;
    g. Replica Omega Seamaster Diver Professional wristwatch with blue face, blue bezel, and silver colored bracelet, ST2010108;
    h. Grand Seiko wristwatch with white pearl face and silver colored bracelet, 28N349 9R65-0AE0 ;
    i. Tag Heuer Carrera Calibre 16 wristwatch with black face and silver colored bracelet, CVA1R WKD9990;
    j. Longines wristwatch with white face and dark brown leather band, L678.2, 46238295;
    k. Tag Heuer Carrera Calibre 1887 wristwatch with black face and silver colored bracelet, CAR2119.4, WBM4585;
    l. Casio G-Shock GA-2110ET wristwatch with gray and multicolor face and gray band, ABFF6N;
    m. Replica Rolex Submariner Oyster Perpetual Date wristwatch with green face and silver colored bracelet, 116610;
    n. Breitling Premier B25 Datura 42 wristwatch with copper face and brown leather band;

    o. Tag Heuer Carrera women's wristwatch with black face, silver colored bracelet, silver set indexes, WAK2413-2, WKZ9796;

    p. Replica Rolex Oyster Perpetual Datejust wristwatch with blue face and silver colored bracelet, U28634A5;

    q. Rolex Datejust women's wristwatch with pink face, diamond facets, silver/gold colored bracelet, L605Y267;

    r. Replica Rolex Oyster Perpetual Date Yacht Master wristwatch with gray face, silver bezel and silver colored bracelet, 2LQ37141;

    s. Apple Watch Hermes Series 8 wristwatch with black face, silver trim, and brown leather band;

    t. Apple Watch Hermes Series 10 wristwatch with black face, silver trim, and brown leather band;

    u. Apple Watch Hermes Ultra wristwatch with black face, silver trim, and red band; and

    v. Tag Heuer Aquaracer wristwatch with black face and silver colored bracelet, CAY Z110-0, RZD5244;

(3) One light blue Louis Vuitton handbag;

(4) One woman's Tiffany Lock Bangle with diamonds and gold;

(5) One woman's diamond solitaire ring;

(6) One Tiffany and Co. diamond and tanzanite flower ring;

(7) One light blue Moncler jacket;

(8) One black Moncler jacket; and

(9) All funds, cryptocurrency, and fiat currency located in the following accounts controlled by Williams:

    a. Wise Bank (UK and Australia),

    b. Commonwealth Bank (Australia),

    c. St. Georges Bank (Australia),

    d. Chase Bank (United States),

    e. Coinbase (United States),

    f. Changenow (United States), and

    g. Gemini Trust Company (United States) and Gemini Intergalactic Australia Pty. Ltd. (Australia).

Your client agrees that the items listed above ("the property") are subject to seizure and forfeiture by the United States and that no defense exists to the seizure and forfeiture of this property by the United States. As such, your client hereby relinquishes all claim, title, and interest he has in the above-referenced property to the United States and/or the District of Columbia and agrees not to oppose any civil, administrative, or judicial forfeiture of the property. Your client agrees that he will not file a claim to this property and withdraws any claim for the property that he may have filed. Your client knowingly and voluntarily waives any right to timely notice provided for in 18 U.S.C. § 983. In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of the property, your client hereby consents to its destruction by, and or abandonment to, the law enforcement agency. Your client certifies that he is the owner of the property described above. Your client hereby waives any right he has to transfer the above-referenced property to a third-party.

Your client agrees to a money judgment in an amount determined by the Court at sentencing. Your client further agrees that one or more conditions under 21 U.S.C. § 853(p) exist, and your client consents to the government's entry of substitute assets to satisfy the money judgment.

Your client agrees to take all necessary actions to identify all assets over which your client exercises or exercised control, directly or indirectly, at any time since start of criminal activity, or

in which your client has or had during that time any financial interest. Your client will complete and provide to the undersigned Assistant United States Attorney a standard financial disclosure form, which has been provided to you with this plea agreement, within 30 days of the execution of this plea agreement via email to USADC.AFMLS2@usdoj.gov. Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client. Your client agrees to provide and/or consent to the release of your client's tax returns for the previous five years. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.

Your client agrees that the government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture your client has consented to in this plea agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the government chooses to effect the forfeiture provisions of this plea agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture/destruction carried out in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Furthermore, your client consents to the entry of a Preliminary Order of Forfeiture, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

### 13.    <u>Immigration Consequences</u>

Your client recognizes that because your client is not a citizen of the United States, your client's guilty plea and conviction make it very likely that your client's deportation from the United States is presumptively mandatory and that, at a minimum, your client is at risk of being deported or suffering other adverse immigration consequences. Your client acknowledges discussing the possible immigration consequences (including deportation) of this guilty plea and conviction with you. Your client affirms that your client wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction, even if those consequences include deportation from the United States. It is agreed that your client will have no right to withdraw this guilty plea based on any actual or perceived adverse immigration consequences (including deportation) resulting from the guilty plea and conviction. It is further agreed that your client will not challenge your client's conviction or sentence on direct appeal, or through litigation under 28 U.S.C §§ 2255 and/or 2241, on the basis of any actual or perceived adverse immigration consequences (including deportation) resulting from your client's guilty plea and conviction.

### A.    **Stipulated Judicial Order of Removal**

Your client agrees to the entry of a stipulated judicial order of removal pursuant to 8 U.S.C. § 1228(c)(5). Specifically, your client agrees that your client is removable from the United States upon the completion of the sentence imposed in this case. Your client consents to the entry of an order of removal issued by this Court and to the immediate execution of such order upon completion of the sentence imposed in this case. Your client waives the right to the notice and hearing provided for in 8 U.S.C. § 1228(c)(2), and further waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this stipulated removal. The United States

represents that it has sought and received permission from the Secretary of the DHS to seek your client's stipulated removal pursuant to 8 U.S.C. § 1228(c)(5). Your client further agrees, together with the United States, to request that the District Court enter a specific finding that your client's waiver of your client's right to challenge the stipulated removal is knowing and voluntary.

**B.    Waiver of Rights Related to Removal from the United States**

Your client agrees to waive your client's rights to any and all forms of relief or protection from removal, deportation, or exclusion under the Immigration and Nationality Act (as amended) and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: (a) voluntary departure; (b) asylum; (c) withholding of deportation or removal; (d) cancellation of removal; (e) suspension of deportation; (f) adjustment of status; and (g) protection under Article 3 of the Convention Against Torture.

**C.    Your Client's Cooperation in Your Client's Removal**

Your client agrees to assist the DHS in the execution of your client's removal. Specifically, your client agrees to assist the DHS in the procurement of any travel or other documents necessary for your client's removal; to meet with and to cooperate with representatives of the country or countries to which your client's removal is directed; and to execute those forms, applications, or waivers needed to execute or expedite your client's removal. Your client further understands that your client's failure or refusal to assist the DHS in the execution of your client's removal shall breach this Agreement and may subject your client to criminal penalties under 8 U.S.C. § 1253.

**14.    Interpreter**

Your client agrees that if an interpreter is required to assist your client in translating this Agreement into your client's native language, then your client agrees to request the Court, pursuant to "The Court Interpreter's Act," 28 U.S.C. § 1827, to secure the services of a certified interpreter at the Court's expense to verbally translate this Agreement and related documents for your client into your client's native language. If no such request is made, then your client hereby declares that your client understands the English language sufficiently well to read and understand this Agreement, or that this Agreement has been read to your client in your client's native language and that your client therefore understands this Agreement.

**15.    Breach of Agreement**

Your client understands and agrees that, if after entering this Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under this Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client will be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; (d) no motion pursuant to Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e) will be filed or sought; and (e) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of, this Agreement, whether or not the debriefings were previously characterized as "off-the-record"

debriefings, and including your client's statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

Your client understands and agrees that the Government shall be required to prove a breach of this Agreement only by a preponderance of the evidence, except where such breach is based on a violation of federal, state, or local criminal law, which the Government need prove only by probable cause in order to establish a breach of this Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. In the event of such a breach, your client will not be allowed to withdraw your client's guilty plea.

16.    **Complete Agreement**

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

  If the foregoing terms and conditions are satisfactory, your client may so indicate by signing this Agreement and the Statement of Offense, and returning both to me no later than **October 10, 2025.**

        Sincerely yours,
        Jeanine Ferris Pirro
        United States Attorney

By:

        **Tejpal S. Chawla**
        Assistant United States Attorney

        John A. Eisenberg
        Assistant Attorney General

        **Prava Palacharla**
        **Nicholas Hunter**
        Trial Attorneys
        Department of Justice
        National Security Division

## DEFENDANT'S ACCEPTANCE

I have read every page of this Agreement and have discussed it with my attorneys, **John P. Rowley III and Lionel André**. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Agreement. I am satisfied with the legal services provided by my attorney in connection with this Agreement and matters related to it.

Date: 10/10/25

**Peter Williams**
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read every page of this Agreement, reviewed this Agreement with my client, **Peter Williams**, and fully discussed the provisions of this Agreement with my client. These pages accurately and completely set forth the entire Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 10/10/2025

**John P, Rowley III**
Attorney for Defendant

Date: 10/10/2025

**Lionel André**
Attorney for Defendant